**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1:18-CR-454 (CMH) |
| ISAAC N. GIBBONS ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT'S NOTICE OF INTENT TO USE EXPERT TESTIMONY AT TRIAL**

Isaac Gibbons, by and through undersigned counsel, hereby submits notice pursuant to Federal Rule of Criminal Procedure 16(b)(1)(B), Federal Rules of Evidence 702, 703, and 705, and the order governing discovery in this matter (Dkt. No. 46), that it intends to call the following experts in its case-in-chief at trial:

1) <u>Sara Jennings, DNP, RN, SANE-A, SANE-P, AFN-BC</u>.

It is anticipated that Sara Jennings, a Forensic Nurse Examiner and Nurse Practitioner ("NP"), will testify as an expert regarding the SANE report by NP Scott Fleming. Specifically, it is expected that Ms. Jennings will testify about NP Fleming's findings noted on the anogenital examination, and the interpretation of such findings based upon the information provided.

It is expected that Ms. Jennings will testify that NP Fleming's statements regarding his examination of the complainant that "usually it is something more than sex when you see swelling" and that it was "beyond vigorous sex" are not based upon current literature or research.

The defense anticipates that Ms. Jennings will testify consistently with the information and opinions contained in a letter prepared by her that describes her review of the SANE report, attached as Exhibit A and incorporated by reference into this Notice.

1

Ms. Jennings' *curriculum vitae*, which outlines her education, training, and experience, is attached as Exhibit B and is incorporated by reference into this Notice.

2) <u>Karl Reich, Ph. D</u>.

It is anticipated that Dr. Karl Reich, Chief Scientific Officer of Independent Forensics (IFI), will testify as an expert regarding the DNA testing conducted by the government as well as DNA testing conducted by IFI. It is expected that Dr. Reich will provide the scientific explanation and background for the immunofluorescent staining that was used to try and identify spermatozoa on the remaining swab provided by the government. Dr. Reich will provide images of the stained slide and describe the results of the imaging / screening of the slide conducted by IFI. The results of the imaging / screening of the slide were that no spermatozoa were identified. It is expected that Dr. Reich will describe the sensitivity and specificity of the method and testify regarding the reliability of the technique.

It is expected that Dr. Reich will testify regarding the rationale for performing the analysis chosen; the amount of evidentiary material provided was not sufficient to be able to reproduce the work/results of the FBI laboratory. As there was only sufficient physical evidence left for performing a more sensitive forensic test than DNA profiling, sperm searching was the approach taken.

It is anticipated that Dr. Reich will explain the scientific issues and known problems with the method for sperm identification used by the FBI; also Dr. Reich would state that the lack of documentation or images of the supposed sperm cell(s) found by the FBI does nothing to support its conclusion of semen identified. It is expected that Dr. Reich will testify that the amount of male DNA, the lack of sperm cells identified by the far more specific and sensitive method used by IFI contradicts the assertion of the FBI as to the source of the male DNA in the sample.

The defense anticipates that Dr. Reich will testify consistently with the information and opinions contained in a report prepared by him, attached as Exhibit C and incorporated by reference into this Notice. The defense may seek to supplement this report.

Dr. Reich's *curriculum vitae*, which outlines his education, training, and experience, is attached as Exhibit D and is incorporated by reference into this Notice.

3) <u>Witness</u>.

In an abundance of caution, the defense hereby submits notice pursuant to Federal Rule of Evidence 701 of its intention to elicit opinion testimony by a lay witness. The defense has previously disclosed the expected substance of Witness' testimony in *Defendant's Second CIPA Section 5 Notice of Intent to Disclose Classified Information* (Dkt. 59).

Respectfully submitted,

_____/s/_____
David Benowitz
VSB # 91194

Edward MacMahon
VSB # 25432

Price Benowitz, LLP
409 7th Street, NW, Ste. 200
Washington, DC 20004
O: 202-417-6000
F: 202-664-1331
David@PriceBenowitz.com
*Counsel for Isaac Gibbons*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of October, 2019, a copy of the foregoing Defendant's Notice of Intent to Use Expert Testimony at Trial was served via the ECF system upon Patricia Haynes, Clayton O'Connor, and John T. Gibbs, United States Attorney's Office, 2100 Jamieson Avenue, Alexandria, VA 22314.

                                                                                                 _____/s/_____
                                                                                                   David Benowitz